jelkins@weisslawllp.com
**WEISS LAW**
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>Plaintiff,<br><br>vs.<br><br>PROLOGIS, INC., HAMID R. MOGHADAM, IRVING F. LYONS, III, CRISTINA G. BITA, GEORGE L. FOTIADES, LYDIA H. KENNARD, AVID MODJTABAI, DAVID P. O'CONNOR, OLIVIER PIANI, JEFFREY L. SKELTON, CARL B. WEBB, and WILLIAM D. ZOLLARS,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Stephen Bushansky ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

# NATURE OF THE ACTION

This is an action brought by Plaintiff against Prologis, Inc. ("Prologis" or the "Company") and the members of Prologis' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Prologis will acquire Duke Realty Corporation ("Duke") through Prologis' subsidiaries Compton Merger Sub LLC ("Merger Sub") and Compton Merger Sub OP LLC ("Prologis OP Merger Sub") (the "Proposed Transaction").

2. On June 13, 2022, Prologis and Duke issued a joint press release announcing entry into an Agreement and Plan of Merger, dated June 11, 2022 (the "Merger Agreement"), to sell Duke to Prologis. Under the terms of the Merger Agreement, each Duke stockholder will receive 0.475 of a newly issued share of Prologis common stock for each share of Duke common stock owned (the "Merger Consideration"). The Proposed Transaction is valued at approximately $26 billion.

3. On July 18, 2022, Prologis filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC. The Registration Statement recommends that Prologis stockholders vote in favor of the Proposed Transaction, but omits or misrepresents material information concerning, among other things: (i) the Company's financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman Sachs"); and (iii) the potential conflicts of interest of the Company's other financial advisor, Citigroup Global Markets' ("Citi"). Defendants authorized the issuance of the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, Prologis' public stockholders will be irreparably harmed by the Registration Statement's material misrepresentations and omissions, which prevent them from making a sufficiently informed voting decision the Proposed Transaction, the violation of which renders money damages inadequate. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual having sufficient minimum contacts with this District to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company is headquartered in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Prologis.

9. Defendant Prologis is a Maryland corporation, with its principal executive offices at Pier 1, Bay 1, San Francisco, California 94111. The Company operates as a real estate investment

- 3 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

trust ("REIT") for federal income tax purposes and owns and operates logistics real estate properties. Prologis' common stock trades on the New York Stock Exchange under the ticker symbol "PLD."

10. Defendant Hamid R. Moghadam ("Moghadam") is Chairman of the Prologis Board of Directors since January 2000, Chief Executive Officer ("CEO") since December 2012, and a director since November 1997. Defendant Moghadam also previously served as the Company's Co-Chief Executive Officer from June 2011 to December 2012.

11. Defendant Irving F. Lyons, III ("Lyons"), is Lead Independent Director and a director of the Company since June 2011.

12. Defendant Cristina G. Bita ("Bita") is a director of the Company since May 2018.

13. Defendant George L. Fotiades ("Fotiades") is a director of the Company since June 2011.

14. Defendant Lydia H. Kennard ("Kennard") is a director of the Company since August 2004.

15. Defendant Avid Modjtabai ("Modjtabai") is a director of the Company since February 2020.

16. Defendant David P. O'Connor ("O'Connor") is a director of the Company since January 2015.

17. Defendant Olivier Piani ("Piani") is a director of the Company since May 2017.

18. Defendant Jeffrey L. Skelton ("Skelton") is a director of the Company since November 1997.

19. Defendant Carl B. Webb ("Webb") is a director of the Company since August 2007.

20. Defendant William D. Zollars ("Zollars") is a director of the Company since June 2011.

21. Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

22. Duke is a self-administered and self-managed REIT, which owns and operates approximately 164.9 million rentable square feet of industrial assets in 19 major U.S. logistics markets. Duke Realty OP ("Duke OP") is the primary operating subsidiary of Duke. Duke's common stock trades on the New York Stock Exchange under the ticker symbol "DRE."

23. Prologis, L.P. ("Prologis OP" or the "OP") is a Delaware limited partnership with its principal executive offices located at Pier 1, Bay 1, San Francisco, California 94111. The OP is the primary operating subsidiary of Prologis through which the Company holds substantially all its assets.

24. Merger Sub is a Delaware limited liability company and a wholly owned subsidiary of Prologis.

25. Prologis OP Merger Sub is a Delaware limited liability company and a wholly owned subsidiary of the OP.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

26. Prologis was formed in 1997 and is a global leader in logistics real estate with a focus on high growth markets. Prologis owns, manages, and develops well-located, high-quality logistics facilities in 19 countries across four continents. Prologis' teams actively manage its portfolio to provide comprehensive real estate services, including leasing, property management, development, acquisitions, and dispositions. Prologis invests significant capital each year into new logistics properties principally through its development activity and third-party acquisitions. The Company's property dispositions allow Prologis to recycle capital and contribute to self-funding these development and acquisition activities. Most Prologis' properties in the U.S. are wholly owned, while

its properties outside the U.S. are generally held in co-investment ventures to mitigate Prologis' exposure to foreign currency movements.

27. On May 4, 2022, Prologis announced that its Board of Directors declared (i) a dividend of $0.79 per share of the Company's common stock, payable on June 30, 2022, to common stockholders of record at the close of business on June 16, 2022; and (ii) a dividend of $1.0675 per share of the Company's 8.54% Series Q Cumulative Redeemable Preferred Stock, payable on June 30, 2022, to Series Q stockholders of record at the close of business on June 17, 2022.

28. On July 18, 2022, Prologis announced its second quarter 2022 financial results. Net earnings per diluted share was $0.82 for the quarter compared with $0.81 for the second quarter of 2022. Core funds from operations ("Core FFO") per diluted share was $1.11 for the quarter compared with $1.01 for the same period in 2021. Total revenues for the quarter were $1.25 billion, up from $1.15 billion in the corresponding quarter of 2021. Reflecting on the Company's results, defendant Moghadam stated:

> The pandemic drove record demand for the past two years, which translated into all-time low vacancies and unprecedented rent growth. As conditions normalize, we are still seeing healthy demand that rivals past peak cycles and, informed by our proprietary data insights, we expect strong demand for our properties to continue.

**The Proposed Transaction**

29. On June 13, 2022, Prologis and Duke issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> SAN FRANCISCO and INDIANAPOLIS, June 13, 2022 /PRNewswire/ -- Prologis, Inc. (NYSE: PLD) and Duke Realty Corporation (NYSE: DRE) today announced that the two companies have entered into a definitive merger agreement by which Prologis will acquire Duke Realty in an all-stock transaction, valued at approximately $26 billion, including the assumption of debt. The respective board of directors for Prologis and Duke Realty have unanimously approved the transaction.
>
> "We have admired the disciplined repositioning strategy the Duke Realty team has completed over the last decade," said Prologis Co-founder, CEO and Chairman Hamid R. Moghadam. "They have built an exceptional portfolio in the U.S. located in

geographies we believe will outperform in the future. That will be fueled by Prologis' proven track record as a value creator in the logistics space. We have a diverse model that allows us to deliver even more value to customers."

With the transaction, Prologis is gaining high-quality properties for its portfolio in key geographies, including Southern California, New Jersey, South Florida, Chicago, Dallas and Atlanta.

The acquisition on an owned and managed basis comprises:

- 153 million square feet of operating properties in 19 major U.S. logistics geographies.
- 11 million square feet of development in progress - about $1.6 billion in total expected investment.
- 1,228 acres of land owned and under option with a build-out of approximately 21 million square feet.

Prologis plans to hold approximately 94% of the Duke Realty assets and exit one market.

"This transaction is a testament to Duke Realty's world-class portfolio of industrial properties, long-proven success and sustainable value creation we've delivered over the years," said Duke Realty Chairman and CEO Jim Connor. "We have always respected Prologis, and after a deliberate and comprehensive evaluation of the transaction and the improved offer, we are excited to bring together our two complementary businesses. Together, we will be able to accelerate the potential of our business and better serve tenants and partners. We are confident that this transaction – including the meaningful opportunity it provides for shareholders to participate in the growth and upside from the combined portfolio — is in the best long-term interest of Duke Realty shareholders."

The transaction is anticipated to create immediate accretion of approximately $310-370 million from corporate general and administrative cost savings and operating leverage as well as mark-to-market adjustments on leases and debt. In year one, the transaction is expected to increase annual core funds from operations* (Core FFO), excluding promotes per share by $0.20-0.25. On a Core AFFO basis, excluding promotes, the deal is expected to be earnings neutral in year one.

Further, future synergies have the potential to generate approximately $375-400 million in annual earnings and value creation, including $70-90 million from incremental property cash flow and Essentials income, $5-10 million in cost of capital savings and $300 million in incremental development value creation.

"This transaction increases the strength, size and diversification of our balance sheet while expanding the opportunity for Prologis to apply innovation to drive long-term growth," said Tim Arndt, Prologis' chief financial officer. "In addition to generating

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

significant synergies, the combination of these portfolios will help us deliver more services to our customers and drive incremental long-term earnings growth."

Under the terms of the agreement, Duke Realty shareholders will receive 0.475x of a Prologis share for each Duke Realty share they own. The transaction, which is currently expected to close in the fourth quarter of 2022, is subject to the approval of Prologis and Duke Realty shareholders and other customary closing conditions.

Goldman Sachs Group, Inc. and Citigroup are serving as financial advisors and Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Prologis. Morgan Stanley & Co. LLC is serving as the lead financial advisor and Hogan Lovells US LLP is serving as legal advisor to Duke Realty. J.P. Morgan Securities LLC and Alston & Bird LLP are also serving as financial and legal advisors, respectively, to Duke Realty.

***The Registration Statement Contains Material Misstatements or Omissions***

30. The defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Prologis' stockholders. The Registration Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

31. Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Goldman Sachs; and (iii) Citi's potential conflicts of interest.

***Material Omissions Concerning the Company's Financial Projections and Goldman Sachs' Financial Analyses***

32. The Registration Statement omits material information regarding the Company's, Duke's, and the pro forma financial projections.

33. Specifically, the Registration Statement fails to include the line items underlying Unlevered Free Cash Flows for the projections of "Prologis on a Standalone Basis," "Duke Realty on a Standalone Basis" and "Combined Company on a Pro Forma Basis Giving Effect to the Mergers."

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

34. Additionally, the Registration Statement fails to disclose certain operating synergies projected by the management of Prologis to result from the company merger, as approved for Goldman Sachs' use by Prologis ("Synergies").

35. The Registration Statement omits material information regarding Goldman Sachs' financial analyses.

36. The Registration Statement describes Goldman Sachs' fairness opinion, and the various valuation analyses it performed in support of its opinion. However, the description of Goldman Sachs' fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Prologis' public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Goldman Sachs' fairness opinion in determining whether to vote in favor of the Proposed Transaction.

37. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis for Duke Realty on a Standalone Basis*, the Registration Statement fails to disclose: (i) the estimates of the unlevered free cash flows to be generated by Duke on a standalone basis, both without taking into account the Synergies and taking into account the Synergies, for the period from April 1, 2022 to December 31, 2026; (ii) estimated 1-year forward EBITDA to be generated by Duke, both without taking into account the Synergies and taking into account the Synergies; and (iii) quantification of the inputs and assumptions underlying the discount rates ranging from 7.0% to 8.0%.

38. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis for Prologis on a Standalone Basis and Pro Forma*, the Registration Statement fails to disclose quantification of the inputs and assumptions underlying the discount rates ranging from 6.5% to 7.5%.

39. With respect to Goldman Sachs' *Illustrative Implied Premia of Precedent REIT Transactions*, the Registration Statement fails to disclose the reason that the Blackstone Group /

- 9 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Bluerock Residential Growth REIT transaction and the Pretium & Ares Management / Front Yard Residential transaction were excluded from the analysis.

40. Without such undisclosed information, Prologis stockholders cannot evaluate for themselves whether the financial analyses performed by Goldman Sachs were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required to ensure that stockholders can fully evaluate the extent to which Goldman Sachs' opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction.

41. The omission of this material information renders the statements in the "Certain Prologis Unaudited Prospective Financial Information" and "Opinion of Prologis' Financial Advisor" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Citi's Potential Conflicts of Interest***

42. The Registration Statement also fails to disclose material information concerning the potential conflicts of interest faced by Citi.

43. Specifically, the Registration Statement fails to disclose the specific services that Citi provided to Prologis in connection with the Proposed Transaction.

44. Additionally, the Registration Statement fails to disclose whether Citi performed any past services to Duke and its affiliates, and, if so, the specific services provided and compensation received by Citi for these services.

45. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

46. The omission of this material information renders the statements in the "Background of the Merger" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

47. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Prologis will be unable to make an informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

48. Plaintiff repeats all previous allegations as if set forth in full.

49. During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

50. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Goldman Sachs, and Citi's potential conflicts of interest. The defendants

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

52. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

53. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

54. Plaintiff repeats all previous allegations as if set forth in full.

55. The Individual Defendants acted as controlling persons of Prologis within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Prologis, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

57. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Registration Statement.

58. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

59. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Prologis' stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Prologis, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Prologis stockholders;

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: July 26, 2022

**WEISS LAW**
Joel E. Elkins

By: */s/ Joel E. Elkins*

Joel E. Elkins
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 310/208-2800
Facsimile: 310/209-2348
    -and-
Michael Rogovin
476 Hardendorf Ave. NE
Atlanta, GA 30307
Telephone: 404/692-7910
Facsimile: 212/682-3010

*Attorneys for Plaintiff*